IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINA MARTIN, | : | |
| Plaintiff, | : | |
| v. | : | CA 11-00733-CB-C |
| JOHNSON & JOHNSON VISION CARE, INC., BAUSCH & LOMB, INC., THE VISION CARE INSTITUTE, LLC, et al., | : : | |
| Defendants. | : | |

## ORDER

Now before the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1), is the defendants' motion to compel the plaintiff to provide complete and proper responses to their first set of interrogatories and first set of requests for production (Doc. 45), filed August 30, 2012. The plaintiff has filed a response to the motion (Doc. 50) and a notice that supplemental responses to the discovery requests have been provided (Doc. 49), and this matter came before the undersigned for a hearing on September 10, 2012, pursuant to the Court's August 31, 2012 Order (Doc. 46). The plaintiff; counsel for the plaintiff, Ms. Mantiply and Mr. Murray; and counsel for the defendants, Mr. Finnegan and Mr. Helmsing, attended. The motion to compel is **GRANTED**, and this order is entered to memorialize and further explain the Magistrate Judge's rulings during the hearing.

As an initial matter, all objections asserted on behalf of the plaintiff in her supplemental responses to the first set of interrogatories and first set of requests for production, either general or specific, are hereby **STRIKEN**. Unless the Court rules otherwise, because the plaintiff failed to assert objections in her initial responses, she has waived the right to assert them now and going forward. *See* FED. R. CIV. P. 33(b)(4); *Superior Diving Co., Inc. v. Watts*, Civil Action Nos. 05–197, 08–5095, 2011 WL

1235195, at *2 (E.D. La. Mar. 30, 2011) ("As to interrogatories and requests for production, failure to provide written responses within the requisite time period ordinarily waives all objections, unless the court excuses the failure for good cause.") (citations omitted); *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, Civil Action No. 09–2517–DJW, 2010 WL 4117508, at *3 (D. Kan. Oct. 19, 2010) ("[T]he general rule is that the failure to object to requests for production within the time required constitutes a waiver of any objection.  Thus, a court generally overrules objections which are untimely.") (footnotes, citations, and internal quotation marks omitted).

As to the pending interrogatories, the plaintiff is **ORDERED** to provide no later than **September 17, 2012** supplemental responses to Interrogatory Nos. 3, 7, 9, 12, and 13.  These responses shall meet *all* the requirement of Fed. R. Civ. P. 33(b), *except that, as stated above, any and all objections have been waived*.  To the extent she has attempted to answer *any* interrogatory, in part or entirely—or will do so in supplemental responses to be provided no later than September 17, 2012—by pointing the defendants to documents she has produced, *see* FED. R. CIV. P. 33(d), the plaintiff is **FURTHER ORDERED** to provide the defendants with Bates numbers for all documents responsive to each interrogatory.[1]  *See* FED. R. CIV. P. 33(d)(1) (the responding party shall "specify[] the record that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could").  Further, with respect to Interrogatory No. 7, regarding medications the plaintiff has taken since January 1, 2000, she shall provide the

---

[1] For example, the plaintiff's supplemental responses to Interrogatory Nos. 6, 7, 8, 14, 20, 22, and 25 all provide that information responsive to those interrogatories may be found in the documents produced by the plaintiff.

defendants with timeframes as to when each medication was taken; <u>with respect to Interrogatory No. 12</u>, regarding advertising, promotions, and commercials, the plaintiff shall provide the defendants with each date she saw each advertisement, promotion, or commercial; and <u>with respect to Interrogatory No. 13</u>, to the extent the plaintiff is answering by pointing to a website, she shall identify with specificity the portion of the website she is relying on.[2]

As to the pending requests for production, the plaintiff is **ORDERED** to provide <u>no later than **September 17, 2012**</u> documents responsive to Request for Production No. 22, her tax returns for the period beginning five (5) years prior to the date she first used the contact lenses at issue.  The tax returns shall be produced in unredacted form.[3]

---

[2]  At least Interrogatory Nos. 14 and 15 appear to be contention interrogatories, *see* FED. R. CIV. P. 33(a)(2); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (characterizing interrogatories "that ask for all the facts on which a contention is based" as one of several varieties of contention interrogatories), and the Court will not compel a more complete answer to those interrogatories *at this time*.  Propounded early in the discovery process, contention interrogatories "are more likely used for harassment than as a useful discovery device."  *Brassell v. Turner*, Civil Action No. 3:05CV476LS, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006) (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 335-36; *In re Checking Account Overdraft Litig.*, No. 09-MD-02036-JLK, 2010 WL 5136043, at *2 (S.D. Fla. Dec. 16, 2010) (similar).  And where, like here, further discovery is needed, *see Waters Edge Living, LLC v. RSUI Indem. Co.*, No. 06cv334-RH/WCS, 2008 WL 4539463, at *5 (N.D. Fla. Apr. 22, 2008) ("Contention interrogatories are not objectionable unless further discovery is needed."), or "[w]here a party could use a different discovery tool to obtain the same information while imposing less of a burden, 'a court would be constrained to rule that a contention interrogatory need not be answered.'"  *In re Checking Account Overdraft Litig.*, 2010 WL 5136043, at *2 (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 333); *see also id.* ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation.") (citation omitted).

[3]  At the hearing, counsel for the plaintiff asserted that, despite the fact the plaintiff has waived her right to object to these requests, her tax returns could contain confidential information and/or information not relevant to this litigation.  These concerns are unfounded.  First, at the request of the defendants, the Court has entered a protective order to facilitate the production of documents containing, for example, personal or medical information.  (*See generally* Doc. 43; *see also id.*, ¶ 4.)  Second, otherwise relevant documents, such as the tax returns, that contain irrelevant information must be produced in unredacted form.  *See*

Further, the Court **DIRECTS** the defendants to immediately carefully review the productions of documents the plaintiff has made thus far. If further deficiencies are noted, they should work with the plaintiff's counsel to rectify them. And if, after working cooperatively together, deficiencies remain, the defendants shall file a second motion to compel.

As to the depositions of the plaintiff and her husband, currently scheduled for September 19, 2012, the Court **ORDERS** that the defendants, in their sole discretion, may postpone those depositions for a reasonable time—and no later than **October 2, 2012**—to allow their counsel sufficient time to review the discovery responses provided, and to be provided, by the plaintiff. All counsel shall work cooperatively to reschedule any postponed depositions.

Finally, as stated during the hearing, it is abundantly clear that Rules 33 and 34 have been violated. It is also abundantly clear that neither the plaintiff nor Mr. Murray, who did not file a notice of appearance in this matter until August 21, 2012 (*see* Doc. 41), are not responsible for these violations. The responsible parties are, instead, the plaintiffs' current counsel, Ms. Mantiply, and her former counsel, Mr. Corrigan (*see* Docs. 47 & 48). While Fed. R. Civ. P. 37(a)(5)(A)[4] provides the applicable framework

---

*generally Beverage Distributors, Inc. v. Miller Brewing Co.*, Nos. 2:08–cv–827, et al., 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010).

[4]   That provision of Rule 37 provides:

If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

for imposition of costs and attorneys' fees in such a situation, the Court will not impose costs and fees at this time.  *Cf. Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, 583 (M.D. Fla. 2009) ("The determination of appropriate sanctions under Rule 37 is within the district court's sound discretion.") (citing *National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976)), *report & recommendation quashed on other grounds*, 2009 WL 5606058 (M.D. Fla. Nov. 16, 2009).  Instead, no later than fourteen days after the close of discovery in this matter, which is currently January 18, 2013 (*see* Doc. 29, ¶ 2), that is **February 1, 2013**, the defendants shall present a petition for costs and fees associated with this motion to compel and related to any further discovery difficulties.  And the plaintiff shall respond to that petition no later than **February 15, 2013**.

    **DONE and ORDERED** this the 12th day of September, 2012.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

---

    **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

    **(iii)** other circumstances make an award of expenses unjust.

*Id.* (emphasis added); *see also Harvey v. West Acquisitions & Inv. Group, Inc.*, No. 07-61265-CIV, 2008 WL 268602, at *3 (S.D. Fla. Jan. 29, 2008) ("In discussing the intent of [the rule], the Advisory Committee Notes to the 1970 amendments to Rule 37 stated, 'The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified.'") (citations omitted).